should I try to call time on us because you didn't like the questions you can't do that counsel may it please the court my name is ed johnson i work at the oregon law center my co-counsel is karen berkowitz and she works at legal aid services of oregon we represent the plaintiff appellant richard mcgarry in this matter city of portland as part of its code enforcement activities gives people homeowners time to clean up their yard counsel let me ask you a question about that um you've got a very appealing case in terms of the basic fairness of it i can't see why the city didn't give him a break however what they're denying him a public service or benefit and i can't figure out what the public service or benefit that he was denied is could you identify it the i start at the point when i look at the ada title two of the ada there are no activities of public entities that are carved out now the case law has carved out things like employment perhaps because it's covered by title one any public service or it seems to me that what what's at stake here is enforcement of the law against him when the police or other public law enforcement entities enforce the law against john doe it probably confers a benefit or it should confer a benefit on everybody else in society but richard roe may benefit from not having john doe do whatever violation of law he's doing but i can't see the benefit to john doe of getting caught and and having the law enforced against him right if i were mr mcgarry's next door neighbor the benefit to me of this would be clear right but the benefit that every homeowner gets even when the nuisance abatement is being enforced against them is time to clean up and the city relies on the participation of homeowners that's why they give them time they want the homeowners who have been noticed with nuisances to participate in this nuisance abatement to participate in this code enforcement and so the benefit is that you have some set amount of time that presumably the city sat down and decided well what's a reasonable amount of time for a a relatively able-bodied person to clean up their yard that's the benefit that he was denied and he was also unable to participate in the way that the city envisioned and i would point out that what you're getting at is that what happened to him wasn't voluntary he didn't walk down to the park and say i would like to participate in this program it was something that happened to him because he had stuff in his yard and and i would just point out that the case law doesn't add a requirement of voluntariness to title two so anytime there's a time limit like like when they catch you for a taillight violation and they say they don't have you don't have to pay this fine if you show proof that you got your taillight fixed in 72 hours or something and the time itself is a public benefit in your theory well that that case that you just suggested doesn't strike me as a very good case but i think that the law says it's a fact-specific case-by-case analysis different from this one well i think that the um asking the the city uh to waive public safety issues might more readily pose an undue burden uh on them and might fundamentally alter the nature of their program trying to keep pedestrians safe now i can imagine that an accommodation might be appropriate given the severity of the traffic violation given the nature of the disability i think it's something that the court has to allow the parties to go through discovery and attempt to prove but i could see the city easily overcoming that given the facts of the case i think here it's not clear why more time couldn't be granted let me see if i understand your argument you're saying that certain amount of time was given to everybody your client was handicapped therefore he needed more time and they refused to accommodate him and therefore it was a violation of the act that's the argument the only thing i would add is that from our perspective it appeared that the city refused to consider the accommodation request much less grant it what happened was during this time that portland gives homeowners to clean up the yard he was hospitalized and also during this time he asked the city and a patient advocate from the cascade aids project asked the city for more time and their response was simply no there was no dialogue there was no questions about well how much time do you need or what about this or this is why we can't do this he wasn't just refusing to do it he was disabled cascade had given him some help but evidently not enough help they asked for more time said he just said no your fine is eighteen hundred dollars or something correct and that's just simply under your it was violation of the act it's a violation of the act and i think it's also a violation of the fair housing act that the case gilligan versus jamco uh sets out the pleading requirements for a fair housing claim and uh they're they're basically twofold one you have to allege that you're an aggrieved person under the act and two you have to allege that you've been subjected to an alleged discriminatory housing practice now rather circularly aggrieved person is defined by the act as someone who's been subject to a discriminatory housing practice but it shows that interpreting federal rule of civil procedure 882 the court has set the bar fairly low at the pleading stage and they truly do want a a short and plain statement of the facts of the case how does he meet the use and enjoy uh clause of the housing act well use and enjoy um i think is from property law and i it's my understanding that use and enjoy are broad terms they're big words that are meant to envision the full bundle of rights that a homeowner has or that a renter might have and what the city argued and what the district court appeared to hold is that since he was not denied all use and enjoyment of his home then that he had cannot say that this was a reasonably necessary accommodation let's say that you're correct um i think you probably are in uh your critique of that test and if they throw you out of two of your three rooms and tell you just stay in the third room and they've deprived you of use and enjoyment even if they haven't deprived you of all of it my problem is i can't see where he was deprived of any use and enjoyment of his home well they didn't throw him out he could stay there he could live there he could use it as he liked the only thing is he had to conform with generally applicable regulations about mess in his yard it's true they didn't throw him out and they didn't condemn it right and he wasn't excluded he wasn't excluded improve the uh area so he could more use it more and equal opportunity to use and enjoy his dwelling i think there's two ways that he was denied this first of all for better or worse one of the ways that homeowners use and enjoy their property is to store things in the yard and mr mcgarry had a bunch of stuff in his yard we don't have a factual record in front of us but there are facts in this case but he's not disputing that he's not saying that's an unreasonable requirement to clean up your yard that's he's busy he's right and as far as i know he's not challenging that he was in violation of the ordinance but by denying him more time to clean up he wasn't able to do what a non-disabled homeowner was able to do perhaps move this stuff into a shed some of it was firewood that he used to heat his home you know he could have moved it into the garage or gotten a friend to store it but because of his hospitalization he was denied that use and enjoyment that is clearly in connection with his dwelling and as we argued in our briefs i think there's another way that he was denied an equal opportunity to use and enjoy the dwelling and that has to do with the fact that this lien was satisfied for eighteen hundred dollars and so he literally lost the use and it wasn't two rooms out of three like your hypothetical but he lost eighteen hundred dollars in equity that he enjoyed do you have any case involving this amount of to really a fine is that right any case that involves a fine for failure to do something that involved someone who was handicapped i think that the california mobile home case is an interesting case it's not exactly on point but it shows how this court has analyzed these problems in the past california mobile home one that case involved a fine of a dollar fifty a day it wasn't a fine it was a charge and it was interfering with access from a carrier by a carrier right quite different from this it is different and um the city but the city has pointed out that this wasn't exactly a fine either this was the cost cost of cleanup the cost of cleanup and it ended up being a lien on his house so i think that the charges for the nurse for the daughter of the tenant in california mobile home one and two are similar i also think that the turning point uh versus caldwell case is on point with regard to your question that's a case where the court i believe it went through trial was analyzing the cost to this homeless shelter of getting an annual special use permit and so that was a fee that or a fine or a cost that would apply to anyone who went over the normal occupancy restrictions and and so uh that's a that's an example of a fine that applies to everyone equally but could be subject to the crowder case is also an interesting case along these lines that's the case where the state of hawaii is part of their rabies abatement effort put 120 day quarantine on all dogs coming into the state of hawaii and again that's a non-voluntary rule or regulation of the state that every single person is subjected to and the court found without finding whether the request was reasonable or not found that this is the kind of thing where the state has to at least enter into the dialogue and the consideration of reasonable accommodation and reasonable modification these cases that you've mentioned it strikes me that they involve a different sort of use and enjoyment california mobile home is an interesting case as you say because it deals with well there's some language in the case the challenged fee rule must like the rules described above have the potential to deny persons an equal opportunity to use and enjoy a dwelling because of their handicap in that case without paying the parking fee for guests the woman with the respiratory disease just couldn't live there she'd be at risk of dying from not getting enough and so she really couldn't live in her own house without this financial imposition on her but the plaintiff here mcgarry can it's just he's got a mess in his yard and he's in too bad shape physically to clean it up himself i agree that the the nature of the use and enjoyment is different although california mobile home 2 was interesting because what happened by the time this case went through a bench trial and got back up to this court it appeared that the plaintiff there was unable to produce any evidence about the fact that this may have been necessary to afford her an equal opportunity to use and enjoy the property and the court was looking at things like well the nurse could have parked off site or the nurse could have paid for it and apparently there was no evidence produced at trial to meet that element and we believe that mr mcgarry can show that his use and enjoyment not all of it but his equal opportunity to use and enjoy his property was in fact infringed upon by the city's failure to consider much less grant a reasonable accommodation in this case i'll reserve the rest of my time for as well thank you counsel may it please the court i'm tracy reed appearing on behalf of defendant city of portland would you please speak up i'm sorry and i apologize for stuffing through this i have a bad cold this morning um it's hard for me to hear you you talk kind of fast okay i'll slow down maybe if you pull the mic just a little bit that might help as i was rereading the materials to get ready for this argument i thought what i would like to do this morning is to try to bring things into a little bit sharper focus i think it's critically important for the court to determine exactly what rule an accommodation is being requested for that rule in this case is contained in the portland city code provision that requires property owners not to have accumulations of litter glass scrap materials junk combustible materials etc on their property that's the rule of law issue in this case the plaintiff in this case has never alleged or contended that his disability requires him to have piles of trash etc in his yard he's never contended that he needs to have the appeal of the case in fairness the i suspect most neutral readers would say gee i wonder why they didn't just give him a break is if you have some kind of physical problem it can be real hard to pick up things that you put down in your own yard when you're in better physical shape that certainly may be true that's not alleged in the complaint there's nothing in the complaint that alleges that the violation arose out of his disability the allegations are that his failure once that he was in violation of this ordinance that he was not able to within a set period of time remedy the violation there's no allegation in the complaint that the accumulation of trash and debris was necessary for his disability that he needed to he didn't all he said was i was unable to do it within the time frame allotted me i had people willing to help me just give me some more time and the response was no in fact he was given some more time and that's reflected in the record he wasn't given as much more time as he wanted but he was willing to remove it he didn't say i have a right to enjoy my trash he said i just can't get rid of it in this time period and he wasn't given additional time even though cascade indicated his willingness to come in and help him well certainly those are the allegations of the complaint which the court obviously has to accept for purposes of this decision but i think the record does show even in the allegations of the complaint that the plaintiff was given some extra time i guess my point is that there's no allegation that the original violation of the ordinance that the accumulation of trash and debris in his yard was occasioned by his disability or necessary to his disability or necessary for him to use and enjoy his home in other words what the court has to look at is what's the rule of law does that rule of law need to be bent does that rule of law need to be adjusted for somebody who has a disability either for them to enjoy the government programs practices or to have reasonable use and enjoyment of their home um the situation here the plaintiff does not contest use in violation of the ordinance and he does not contend hey i need to have trash and debris in my yard i can't reasonably use it and enjoy my yard without trash and debris in it and he doesn't allege somehow because i have aids that disability i need to have trash and debris in my yard what he alleges is once i was in violation of that ordinance there's no allegation that the violation of the ordinance he doesn't say hey city i need to have trash and debris in my yard he doesn't contest that he doesn't say he needs a reasonable accommodation to that rule i'm thinking as you talk i'm thinking how does debris get in my yard well you put something down you're working on it and then you get interrupted by a phone call and you go inside for the phone call and then something else comes up and you forget to remove what you put down and now what was a useful item that you were working on has just become debris uh you have a canoe you put your canoe down and your back goes out or something you can't pick the canoe up uh it has changed from your recreational equipment to debris and as these things pile up it looks trashier and trashier uh i i agree that it's conceivable that the plaintiff could allege or a plaintiff could allege that their disability that they needed accommodation from the rule itself because of the disability that has not been alleged here although so where does that go though you're saying that once someone has created a condition that the city has lawful authority to cause them to remove the city has no obligation to accommodate someone who is willing to remove it but is physically unable to do it within a certain time frame to say that if unless he were to attack and be a bad citizen in effect and say you can't even prevent me from accumulating the trash i'm saying that out of luck the purpose of the of the fair housing act and the purpose of the americans with disabilities act in the particulars that are applicable here you're speaking to yourself i'm sorry are to level the playing field they're not to say that someone can violate a law for reasons unrelated to their disability and then say i'm in violation of this law but because of my disability it's more difficult for me to comply let's take that premise the fact as i understand that what's alleged here is that yes he accumulated debris but the he violated the law by not removing it in time in other words he had the trash if he had immediately removed it he would have triggered the removal order but there would have been no imposition of any sanction if he had removed it within a certain time frame it's the failure to remove within a certain time frame that triggers the sanction so isn't there are there two aspects to the violation why would he have to allege that or say i'm entitled to violate the law that is i'm entitled to have not only create but keep trash on my yard that would be um i think the code provision hard to buy prohibits maintaining nuisances on your property the enforcement of that is triggered once someone does not once they're noticed and they don't remove it but the the ill the violation of the ordinance is having the nuisance condition on the property having and maintaining so is there is the nature of the law such that if i if an inspector goes by and sees the condition of my yard and in the inspector's opinion that constitutes a nuisance under the ordinance that there's that's the be all and end all of it that's the i am i am now in violation of the law i would argue that yes you're now in violation of the law but then you're entitled to certain process before that um the city would actually take the right but you're already in violation of the law right but isn't that what's at issue here it's this it's the second step well for example i have some examples if a disabled individual for reasons unrelated to their disability left an inoperative pickup truck parked on a street for over the amount of time that inoperative vehicles are allowed to be parked on streets and if the city came and posted a notice that said either get this operative within three days or or will come and tow it could a disabled individual come in and say well i really do want to get it running but due to my health it's going to take me longer it's going to take me some unspecified period of time to work on that track well maybe not or maybe so but isn't that the purpose didn't have some question of reasonable accommodation if it turns out that the demand by the disabled person as you say is unreasonable then that's the city's defense all we're talking about here is there some obligation on the city to take a look at the individualized circumstances of someone who's disabled and let that kind of dialogue you're talking about which is quite reasonable i don't think they're disputing or would i be inclined to dispute that the city has to leave junk cars on the streets just because the owner of the car happens to be disabled but if it's a difference between a day because the guy's in the hospital getting a blood transfusion or a month there's a range of variables there that the ada seems designed to take care of i guess the point is that what the ada is saying is is there is this law because of an individual's disability are they is it more difficult for them to comply with the law such that they can't either use and enjoy their property wealth in the fha context or that they're not receiving the same benefits of government services if someone alleges that because of their disability they can't comply with the law then the city has an obligation to say can we reasonably accommodate that if someone violates the law for reasons unrelated to their disability and then says oh because of my compliance my point is i don't disabled individuals are entitled to violate laws for reasons unrelated to their disability but i don't get i keep coming back to the how gossamer that distinction is i'm thinking how does trash accumulate in somebody's yard well how could it accumulate in mine i put the trash out and once a week i have to drive it to the dump and if on my driving to the dump day my pickup truck won't start i've got to wait maybe for it to warm up to zero so that my truck will start before i can take it to the dump and maybe it takes three weeks before it warms up and my truck will start now i've got an accumulation of trash in the yard now if my back goes out and i can't take the trash for another two weeks then i've got a lot of trash piling up to the point where if i lived in a more urban sort of setting somebody would probably notice that there isn't any difference between putting it down and picking it up it's it's not like the disability doesn't make them put it down so disability has no relevance there's no distinction between the putting it down and picking it up it just gradually turns from ordinary functions of living into a trash filled yard because of his disability were that alleged that might be true that's not what's alleged i think it's the nature of debris in your yard it's just ordinary living causes things to be put down and then ordinary neatness causes things to be picked up so you would uh what you're saying you'd have us draw a distinction here as i rule that says disabled people can break the law and then have some exemption on compliance with remedial aspects unless the breaking the law in the first instance was attributable to the disability correct okay so what if in judge kleinfeld's discussion the reason that the accumulation of debris was because he was unable to lift to carry to move whatever and therefore it it built up he was unable in a normal course of his life and therefore the accumulation itself was attributable to his disability then would the city have an accommodation to accommodate him on the remedial removal of it i think it would be a much closer question but i still think that where what's going on is a generally applicable law where there's no allegation that this individual could not afford to hire someone there are very many people who when they're served with some kind of a notice can't do the work themselves there are elderly people who aren't disabled but they're not capable of it often when these things happen people hire someone to come do it well are you saying that if the person is handicapped but can afford to hire someone then the law no accommodation is necessary wouldn't that almost exclude everybody that if you just say well if you can afford to hire someone to come in then we don't have to accommodate you generally applicable nuisance laws are not the types of laws that the courts have said are exempt from compliance and even some of the zoning cases that are cited have said we'll give you this special zoning regulation but if you have concerns about trash and that kind of thing because of the for instance increased occupancy in some of the fha cases where they give a variance from a zoning regulation to allow greater occupancy where people have expressed concerns well we're going to have a buildup with that many people there of trash and debris and that kind of thing what the court said is that can be addressed through ordinary nuisance law nuisance law and obligations to maintain property are not the kinds of obligations that are required to be accommodated unless there's something that rises to the level of interfering with somebody's use and enjoyment but here the the city doesn't say you have to clean this up yourself the city says as a property owner you have an obligation not to have a nuisance condition on your property and that obligation attaches regardless of whether someone has a disability or not the point is that there are many people who aren't disabled who still to comply with the laws generally the laws regulate regulating fire safety the laws regulating electrical codes those are there for public safety this is a public safety case and it's not a defense to um let me ask what when i was questioning your adversary i asked him with relevance to one of the statutes what public benefit is the plaintiff being deprived of and with respect to the other statute what use and enjoyment of his home is he being deprived of you have focused on other areas of your case are there weaknesses or incompleteness to the arguments on public benefit and use and enjoyment that i've overlooked so that you need these other areas of the case you're focusing on no not at all and i think that the um the public benefit piece kind of dovetails with what i was services of the city of portland essentially what's alleged is he acknowledges that his house was in a condition his property was in a condition that was in violation of the city's ordinance the city then in a law enforcement capacity exercise of police power went in and abated that nuisance plaintiff wasn't denied any services or public programs of the city instead the city was acting in a law enforcement capacity to enforce public safety and in that context when someone violates the law not for reasons related to their disability or even if their disability makes it more difficult for them to comply they're not being denied a public benefit or service if anything his yard was cleaned up and with regard to the use and enjoyment can i just before you leave that then it says denied the benefits of the services programs or activities of a public entity so whether it's an activity or a benefit does the city extend time to comply as it has the discretion which it dispenses at oral argument um the district court judge asked plaintiffs if there was any allegation factual allegation that the city had extended the time to others and not to mr mcgarry and they responded no so i don't think that's an issue in this case why would that not be does the city have that capability it extended it in this case didn't it yes the city does but there's no allegation that mr mcgarry was treated differently than other homeowners other homeowners were getting extensions and he wasn't well i'm not sure that's the relevant universe god what if he's the only one who's disabled in the community the city would have the discretion if it chose to to extend the time for a cleanup period there's no allegation that the city has done so in other cases and not done so in this case it says by reason of his disability well okay incidentally is there any anything that you can enlighten us with on why the city didn't give him a break it's just incomprehensible to me i mean regardless of how the law comes out when i this is not in the record but when i spoke with the inspector in this case what he said is that he had been told it would be done by x time he had been told it would be done by x time he had been told it would be done by x time when he went back to the property the condition was not materially improving and he didn't see any basis to believe that it would continue to that there would be any material improvement in the condition of the property even though the man was in the hospital and cascade was coming in saying we'll help him well cascade came in over a month before this house was abated it was about two months from the time that the cleanup order was the guy has a until it's abated is that why the aids help group was there yes and they did help some but not enough but they had said give us some more time he's in the hospital with meningitis over a prolonged period of time i guess i had the same question it's off the record but judge vinefield oh gosh just i mean off the record you can get out of your bed to go to the bathroom the other thing that the inspector said to me is that very often homes that get into this condition are in that condition because the property owner is not able to do the cleanup and that if you know whether it's an elderly person whether it's an alcoholic whether it's another incapacity that's how houses get into these conditions and so that if after x period of time it's not done the city goes in and sometimes people are glad that they come in and do it so but in that process i just like to ask one question the ada and i think counsel for the plaintiff emphasizes at the beginning that there wasn't even an effort to engage in a dialogue it was i mean you're saying the inspector did make some extensions of time but was there any effort to sit down with cascade or with anybody else to say how can we deal with this individual as opposed to i honestly with alcoholics and everybody else i honestly cannot answer that it's not in the record okay thank you thank you thank you i think i just have one point unless there are further questions i i'm still yeah a little worried as appealing as it is i'm when i think about the benefits of the city program i'm thinking mcgarry would be so happy to be deprived of the benefits of the city program no inspector should come around no orders no accommodations no nothing just uh leave them alone and i think that's the city's argument that the district court um i think i'm not sure that's what the district court wrote but i think that's what the district court found appealing was that he wasn't really complaining about being excluded but he was complaining about being included and i would just say that there's no distinction in the act itself and in fact the case law applies to all involuntary benefits and participation of services activities and programs for example dog quarantines prison administration arrest parole decisions i mean there's a whole slew of situations where things are being done to people but the ada isn't completely off the chart so with regard to the benefit it's a slippery idea but there is this participation that the city of engaging in with regard to nuisance abatement and you know if you're the one who's got the messy yard you probably would rather that city portland had not included you in this but um you do have time and that's a benefit of this program and it's only through discovery that we'll know how that works because it doesn't appear to be written down how much time people have but they presumably give everyone the same amount of time and it's based on how long they think it'll take to clean up their yard so that there is participation and there is a benefit there regarding the other claim in the fair housing act the use and enjoyment again the question at this stage is whether through the course of discovery mr mcgarry will be able to produce any set of facts in support of his claims that will entitle him to relief and we think that he can there's many possible sets of facts that will that will show that he was not afforded equal opportunity to use and enjoy his dwelling let me ask you about something i want to hear more about that but um i'm wondering if this isn't the public safety as well as an aesthetic uh imposition because if you have a lot of trash in your yard and a lot of debris in your yard the trash attracts rats and the debris gives them a place to make dens sure and it could be a fire hazard i mean could have hazardous waste in your yard i mean i think all that is going to go to whether or not the request was reasonable to begin with and whether or not we're brought out of trial that'll be brought out through the discovery process in a trial and so you know the city's gonna presumably if we're lucky enough to have the opportunity the city's going to have the opportunity to raise defenses and say this was not a reasonable request this this was a public safety issue i mean the crowder case is interesting i mean trying to keep rabies off the islands of hawaii is clearly a public safety public health issue and the court said you have to enter into the dialogue and look at the request but i would assume that the bar is pretty high when you're asking a state to change their rules and modify and accommodate a something as important as quarantining animals to prevent rabies but nonetheless there might be reasonable accommodations and reasonable modifications that don't infringe upon or fundamentally alter the government's interest so the use and enjoy the the only point i wanted to make about that is that the city and the district court seem to indicate that a person need to be completely denied use and enjoyment and i think that the phrase an equal opportunity is the key phrase here and let's assume that that proposition is rejected and still all i can tell that you've given us on use and enjoy is use and enjoyment of the money and i'm thinking well gee when you can't put your trash in your pickup truck to try to hire a trash service or figure out some way of hiring somebody to do it for you and and that's not deprivation of the use and enjoyment of your house just of the money that you have to spend well um you know it may be through discovery that there are other uses and enjoyments that come up but the two that i know of that are likely are both the eighteen and this concept that people use and enjoy their property by putting things in their yard and that but for his disability and the city's failure to consider he has the misfortune of living in a settled area in oregon instead of in the woods in alaska he can't put stuff down in his yard the same way well there obviously he can't but the question is whether or not the law envisions the possibility that he might ask for more time as an accommodation and it's our position that he that he can that is a proper request is there any other use and enjoyment that you can think of that could be pleaded here besides use and enjoyment of the eighteen hundred dollars and use and enjoyment of being able to put debris down in his yard i think those are the two that that i've been able to think about over the last couple weeks and you know that the fact that it involves his yard is not a critical distinction i mean there's all sorts of accommodations that don't occur indoors inside i mean we're not saying the yard isn't dwelling but we believe that he was not afforded an equal opportunity to use and enjoy his dwelling because of the city's failure to accommodate in in both of those ways thank you thank you counsel thank you for the argument thank you both very helpful we'll recess for 10 minutes so you
judges: Dw Nelson, Kleinfeld, Fisher